Owen McGtvern, J.
This is a motion to stay arbitration, pursuant to section 1458 of the Civil Practice Act on the ground that no bona fide dispute is presented. Following a police complaint of gambling activities in the plant of respondent, an investigation ensued. Five employees were accused of making bets, receiving bets and transmitting bets. Thereafter, respondent contends, all five employees resigned. Petitioner challenges1, the resignation of two of the employees, Crisci and Iacolino. It. appears that the two afore-mentioned employees were accused of book-making. They were taken to the office of the security officer employed by respondent. While in that office it is claimed Crisci was told that the matter ‘1 might have to go to the District Attorney unless I resigned. ’ ’ Crisci protested his innocence and contends that the only reason he signed a resignation was because his wife was ill, and that the matter would be closed, causing no further inconvenience.
Iacolino asserts that the reason he resigned was because the matter would not then be turned over to the police department. It is claimed by respondent that the two employees were held incommunicado for about four hours, during which time the resignations were secured, and further claimed that the resignations were executed under duress. The petitioner filed an amended grievance on May 5, 1957 reading as follows:
‘ ‘ Local 450 — Grievance against the discharge and involuntary resignation of Sol A. Iacolino and Nick Crisci.
‘ ‘ The Union further grieves against refusal and failure of the company to permit Union representation of employees in question.
“ The Union seeks reinstatement of Sal A. Iacolino and Nick Crisci, together with back pay from the time of discharge. ’ ’
Respondents’ answer to the Union grievance was as follows: :Ci The grievance is rejected. These two individuals voluntarily *749 resigned. Under the contract there is no requirement for Union representation at a time when no grievance has been filed. Moreover, these individuals did not request Union representation.”
The pertinent parts of the collective bargaining agreement between the parties are as follows:
“ Article 26, C: All disputes arising out of the suspension of an employee with a view to discharge or from the discharge of an employee shall be taken up by the Union within three working days from written notice from the Employee Relations Department to the Union of the suspension or discharge, and every endeavor shall be made by the parties to dispose of such dispute, difference or grievance not later than five days from the date of receipt of the notice. When an employee has been unjustly discharged or unjustly suspended with a view to discharge, adjustment of the grievance shall include reinstatement and such compensation for time lost as may be agreed upon or directed by the arbitrator.
‘ ‘ Article 26, F: All disputes, differences and grievances which may arise out of this Agreement including claims arising out of breaches or threatened breaches or violations or threatened violations of this Agreement and which shall not have been satisfactorily settled within two weeks following the procedure herein set forth shall, at the request of either party, he promptly submitted to arbitration. Arbitration shall be the sole and exclusive remedy available to the parties hereto * * *
‘1 Article 13, B: Employees who have completed their trial period shall be discharged only for just cause. The Union shall promptly consider any claim that an employee who has completed his trial period has been unjustly discharged, and may present the matter as a grievance to be settled in accordance with the established procedure for settlement of grievances.”
The employee, Crisci, asserts that he wanted a Union representative present at the time of the inquiry. Upon the papers submitted, it seems that whether the employees had actually intended to resign or were unjustly discharged creates an arbitrable dispute, under article 13, B.
It cannot be said that under no circumstances can a resignation be considered an unlawful discharge. A resignation induced under unlawful coercion and duress is tantamount to a discharge. (See San Francisco Newspaper Publishers’ Assn., 27 LA [Labor Arbitration Reports, B. N. A.] 11 [1956]; McDonnell Aircraft Corp., 26 LA 49 [1956]; Bessemer Mfg. Co., 20 LA 868 [1953]; De Camp Bus Lines, 6 LA 390, 391 [1947].)
Motion is denied. Settle order.
*750 (On reargument.)
The letter from the attorneys for the respondent, dated September 9, 1957 is deemed a motion for reargument of the alleged second issue and is hereby granted and decided herewith. This court in its previous opinion clearly stated with reference to the motion to stay arbitration, “ Motion is denied. Settle order ”, which constitutes a disposition of the motion to stay arbitration of the two issues Concerning which the petitioner seeks arbitration. Notwithstanding, this court takes this opportunity to make quite clear that it finds the petitioner’s claims with respect to the second issue to be untenable. The argument of the petitioner is in effect that by failing to give written notice of an unlawful discharge it can preclude the filing of a just grievance or the existence of a grievance' under the terms of the collective bargaining agreement between the parties dated May 23, 1955 so as to defeat the operation or applicability of article 26 D which states: “No employee with respect to whom a grievance is pending shall be summoned to the office of any representative of the Employer for the purpose of discussing the grievance or wages,- hours or other conditions of employment unless a representative of the Union shall be present at such discussions.”
Further, subdivision F of article 26 of the collective bargaining agreement states that ‘ ‘ All disputes, differences and grievances which may arise out of this Agreement, including claims arising out of breaches or threatened breaches or violations or threatened violations of this Agreement and which shall not have been satisfactorily settled within two weeks following the procedure herein set forth shall, at the request of either party, be promptly submitted to arbitration^ Arbitration shall be the sole and exclusive remedy available to the parties hereto.”
Therefore, the original decision is adhered to. Motion to stay arbitration of the two issues submitted by the petitioner for arbitration is denied.
Settle order.